UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANNETTE GARCIA, individually and on behalf
of all others similarly situated,

      CASE NO.: 1:21-cv-22988

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, Florida International University Board of Trustees ("FIU")[1], by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which it is now pending, to the United States District Court for the Southern District of Florida. In support hereof, FIU states as follows:

1. On May 7, 2021, Plaintiff, Annette Garcia, commenced the above-styled action by filing a Complaint against FIU in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2021-010899-CA-13. Plaintiff's Complaint alleged two claims under Florida state law: (1) breach of contract; and (2) unjust enrichment.

---

[1] In addition to naming "Florida International University Board of Trustees" as a party Defendant, Plaintiff also has named "Florida International University" as a Defendant. "Florida International University," however, is not a proper legal entity or a proper Defendant; the proper Defendant is Florida International University Board of Trustees. Nevertheless, to the extent necessary to perfect removal, this Notice also applies to and is filed on behalf of "Florida International University."

2. On June 28, 2021, FIU moved to dismiss Plaintiff's Complaint, and on June 30, 2021, FIU amended its motion to dismiss Plaintiff's Complaint. In response to the University's amended motion to dismiss, on July 19, 2021, Plaintiff filed an Amended Complaint as of right pursuant to Rule 1.190(a), Florida Rules of Civil Procedure. Therein, Plaintiff alleges four claims: (1) breach of contract; (2) unjust enrichment; (3) violation of the "takings clause" of the U.S. Constitution under 42 U.S.C. § 1983; and (4) inverse condemnation under the Florida Constitution.[2]

3. Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. This Court has original jurisdiction over Plaintiff's federal-law claim (Count 3) pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

5. Title 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they

---

[2] FIU has not yet responded to the Amended Complaint. Pursuant to Fla. R. Civ. P. 1.190(a), FIU's response would have been due on or before July 29, 2021. In state court, FIU sought and obtained unopposed extensions of time to respond until August 18, 2021. However, upon removal, Fed. R. Civ. P. 81(c)(2) provides that a "defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Therefore, FIU believes that its response to the Amended Complaint is due on or before 7 days after this Notice of Removal has been filed and intends to respond to the Amended Complaint within that time frame.

form part of the same case or controversy under Article III of the United States Constitution." This Court has supplemental jurisdiction over Plaintiff's state-law claims because they are premised on the same factual allegations as Plaintiff's federal claim, as all claims arise out of FIU's transition to online learning during the COVID-19 pandemic. *See, e.g.*, *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1361 (S.D. Fla. 2013) (noting that removal was proper because the district court had original jurisdiction over plaintiff's federal-law claim and supplemental jurisdiction over plaintiff's state-law claims that "arise out of the same nucleus of operative facts" as the federal-law claim).

6. Pursuant to 28 U.S.C. § 1446(a) and Fed. R. Civ. P. 11, this Notice of Removal has been signed by counsel for FIU.

7. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" FIU in this action.

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. Although this case was not originally removable when filed (as it only alleged state-law claims), it first became removable as of July 19, 2021, with the filing of Plaintiff's Amended Complaint, which asserted a federal claim for the first time. This Notice of Removal is being filed within thirty (30) days of the date this case first became removable and, therefore, is timely. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served on counsel for Plaintiff and will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Matthew L. Lines
   Eric D. Isicoff
   Florida Bar No. 372201
   Isicoff@irlaw.com
   Matthew L. Lines
   Florida Bar No. 0243980
   Lines@irlaw.com

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via e-Mail and CM/ECF this 18th day of August, 2021, upon the following:

| | |
|---|---|
| **EGGNATZ PASCUCCI**<br>Joshua H. Eggnatz, Esq.<br>Michael J. Pascucci, Esq.<br>7450 Griffin Road<br>Suite 230<br>Davie, Florida 33314<br>E-mail: JEggnatz@JusticeEarned.com<br>E-mail: Mpascucci@JusticeEarned.com | **GAINEY McKENNA & EGLESTON**<br>Thomas J. McKenna, Esq.<br>Gregory M. Egleston, Esq.<br>501 Fifth Avenue<br>19th Floor<br>New York, New York 10017<br>E-mail: tjmckenna@gma-law.com<br>E-mail: egleston@gme-law.com |

By: /s/ Matthew L. Lines
   Matthew L. Lines