**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**1:21-cv-22988-CIV WILLIAMS/O'Sullivan**

ANNETTE GARCIA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY and FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES,

    Defendant.

_____/

**FIU'S MOTION FOR TEMPORARY STAY OF DISCOVERY**

Defendant, Florida International University Board of Trustees ("FIU"), by and through its undersigned counsel and pursuant to Rule 26, Federal Rules of Civil Procedure, hereby moves for entry of an order staying discovery pending the Court's determination of FIU's immunities from suit and Plaintiff's failure to exhaust administrative remedies as set forth in FIU's pending motion to dismiss the amended complaint. (D.E. 4.) A stay would promote judicial economy, would be consistent with FIU's immunity from suit, and would prevent wasting the resources of the Court and the parties. Accordingly, for the reasons set forth below, FIU respectfully requests that the Court enter a temporary stay.

### I.    INTRODUCTION.

Plaintiff, Annette Garcia ("Garcia"), was an FIU student during the Spring and Summer 2020 academic semesters who alleges that, after the COVID-19 pandemic forced students and FIU to transition to online learning, FIU should have provided a pro-rated refund of tuition and

mandatory fees for the duration of such remote learning. Garcia seeks not only to obtain a refund for herself, but also, for a putative class of allegedly similarly situated students.

FIU is part of the public university system of Florida and is generally immune from suit pursuant to the doctrine of sovereign immunity. *See, e.g., Williams v. Becker*, 608 Fed. App'x 905 (11th Cir. 2015) (sovereign immunity barred student's claim against FSU asserting a contract right to certain educational opportunities). Additionally, two newly-enacted Florida statutes provide additional immunity protection to FIU from the claims being advanced by Garcia. *See* Fla. Stat. § 768.38 (requiring the court to make a threshold determination of FIU's "good faith effort to substantially comply with authoritative or controlling government-issued health standards or guidance at the time the cause of action accrued," providing for immunity if the court finds that it did and expressly providing that "[d]uring this stage of the proceeding, admissible evidence is limited to evidence tending to demonstrate whether the defendant made such a good faith effort"); and Fla. Stat. § 768.39 (providing that educational institutions "that ha[ve] taken reasonably necessary actions in compliance with federal, state, or local guidance to diminish the impact or the spread of COVID-19 may not be held liable for, and shall be immune from, any civil damages, equitable relief, or other remedies relating to such actions"). Garcia failed to exhaust her administrative remedies prior to filing this action. Those remedies were exclusive and preclude relief here. *See* FIU-1114 (expressly providing that "[e]xcept as provided in this regulation, tuition and associated fees are non-refundable") (a copy of FIU-1114 is attached hereto as Exhibit "A"). Garcia's claim under 42 U.S.C. § 1983 is barred by sovereign immunity. *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 376 (1990). Moreover, Garcia has failed to state a claim under either the U.S. or Florida Constitution for a "taking" because Garcia has no property right in money voluntarily paid to FIU, *see Givens v. Alabama Dept of Corr.*, 381 F.3d 1064, 1066 (11th Cir.

2

2004), and the governmental activity is not a "taking." *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1029–30 (1992). These defenses are more fully set forth in FIU's pending motion to dismiss the amended complaint. (D.E. 4.)

On the evening of September 22, 2021, Garcia served FIU with 2 different requests for production (containing a total of 71 different categories of documents being demanded) and interrogatories (consisting of 15 broad inquiries, not including subparts). However, it has not yet even been determined whether Garcia can state a viable claim against FIU. Accordingly, a stay is warranted as to discovery so that the Court can make this threshold determination before FIU's requirement to respond to discovery thwarts the purposes of FIU's immunities.

## II. ARGUMENT.

FIU respectfully submits that, until the Court resolves FIU's motion to dismiss the amended complaint and unless/until Garcia has stated legally-cognizable claims, all discovery obligations should be stayed. Otherwise, the parties will be required to incur the time and expense of propounding and responding to expensive and time-consuming discovery. Similarly, the Court will be called upon to resolve objections and/or any discovery disputes. All of this effort and expense will be wasted if the Court ultimately grants the motion to dismiss the amended complaint and finds that Garcia cannot state a claim against FIU.

It is well-established that a district court has the "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Eq. Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *see also Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325, 1326 (S.D. Fla. 2002) (noting that a district court has the power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants")

(quoting *Landis v. North Am. Co.*, 299 U.S. 248 (1936)), *aff'd sub nom. Lisa, S.A. v. Dionisio Gutierrez Mayorga*, 90 Fed. Appx. 381 (11th Cir. 2003).

The United States Supreme Court has recognized that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Further, the Eleventh Circuit Court of Appeals has made clear that a stay of discovery is appropriate when a motion to dismiss is pending:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (internal footnote omitted) (citing *Mitchell v. Duval Cnty. Sch. Bd.*, 107 F.3d 837, 838 n.1 (11th Cir. 1997)).

Accordingly, courts in this circuit routinely grant motions to stay where, as here, "resolution [of] the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." *Rich v. City of Jacksonville*, No. 309-CV-454-J-34MCR, 2010 WL 1141556, at *1 (M.D. Fla. Mar. 23, 2010) (collecting cases). *See also Staup v. Wachovia Bank, N.A.*, No. 08-60359CUV, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (staying all discovery pending disposition of the defendant's motion to dismiss); *Carcamo v. Miami-Dade Cnty.*, No. 03-20870-CIV, 2003 WL 24336368, at *1 (S.D. Fla. Aug. 1, 2003) (staying discovery pending ruling on defendant's motion to dismiss). A stay is particularly appropriate in a case like this one involving sovereign immunity, as such immunity "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *See Blinco v. Green Tree Servicing, LLC*, 366

F.3d 1249, 1252 (11th Cir. 2004) (granting stay); *see also Power v. Williams*, No. 309-CV-594-J-20HTS, 2010 WL 431921, at *1 (M.D. Fla. Feb. 5, 2010).

FIU respectfully submit that the same result is appropriate here, where FIU's challenge to the amended complaint is premised on legal defenses that arise from the face of the amended complaint without the need for discovery. Discovery should not proceed unless and until the Court determines that Garcia properly has stated claims in accordance with applicable law. Otherwise, FIU (as well as Garcia herself) will be unnecessarily burdened. In fact, in a similar student-refund case against FIU, Florida's Third District Court of Appeal recently stayed discovery pending its review of a petition for writ of certiorari asserting that the state court erred by compelling discovery without first determining FIU's immunities and its own jurisdiction. A copy of that stay order is attached as Exhibit "B." Accordingly, FIU respectfully requests entry of a stay of discovery in this case pending the Court's determination of FIU's motion to dismiss the amended complaint.

WHEREFORE, Defendant, Florida International University Board of Trustees, respectfully requests that the Court (i) stay all discovery obligations as set forth above; and (ii) grant such further relief as the Court deems just and appropriate under the circumstances.

**CERTIFICATE OF PRE-FILING CONFERRAL**
**PURSUANT TO LOCAL RULE 7.1(a)(3)**

I, Matthew L. Lines, counsel for movant, hereby certify that, on September 23, 2021, counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Matthew L. Lines
Eric D. Isicoff
Florida Bar No. 372201
**Isicoff@irlaw.com**
Teresa Ragatz
Florida Bar No. 545170
**Ragatz@irlaw.com**
Matthew L. Lines
Florida Bar No. 0243980
**Lines@irlaw.com**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida Court's e-Filing Portal this 23rd day of September, 2021, upon the following:

**EGGNATZ PASCUCCI**
Joshua H. Eggnatz, Esq.
Michael J. Pascucci, Esq.
7450 Griffin Road
Suite 230
Davie, Florida 33314
E-mail: JEggnatz@JusticeEarned.com
E-mail: Mpascucci@JusticeEarned.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna, Esq.
Gregory M. Egleston, Esq.
501 Fifth Avenue
19th Floor
New York, New York 10017
E-mail: tjmckenna@gma-law.com
E-mail: egleston@gme-law.com

By: /s/ Matthew L. Lines
Matthew L. Lines